UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06CV145-J

JAY L. SPEAKS                                                                                              PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Jay Speaks' Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claims for disability insurance and supplemental security income benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner is supported by substantial evidence.

Plaintiff filed the present applications for disability insurance and supplemental security income benefits on March 19, 2003 alleging that he became disabled on December 31, 1997, at age 38 from front and rear pelvic fractures, right broken leg, shattered knee, emphysema, high blood pressure, fat embolism in the brain, small TIAs, and pain (Tr. 84). His work history includes installation of communication towers, self-employed work in roofing, masonry, work as an audiology examiner, and heavy construction. He has a high school education, plus two years of college and vocational masonry training (Tr. 90). Following a hearing on November 18, 2004 at which both plaintiff and a vocational expert offered testimony, Administrative Law Judge George Mills ("ALJ") found that the claimant has severe impairments that prevent him from returning to any of his previous work, but that he remains capable of performing a limited range of sedentary work. Plaintiff has appealed from this unfavorable decision.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ improperly rejected disabling opinions of the treating physician and psychologist. At the heart of this argument is the treating physician rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. An ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence, <u>Walters v. Commissioner</u>, 127 F.2d 525 (6th Cir. 1997); <u>Jones v. Secretary</u>, 945 F.2d 1365, 1370 (6th Cir. 1991). "In all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight, <u>Rogers v. Commissioner</u>, 486 F.3d 234, 242 (6th Cir. 2007).

Plaintiff's treating physician at the ECHO Clinic, Dr. Lagunzad completed an assessment form on April 22, 2003 in which he opined that the claimant's main problem was constant knee pain, that he could not walk any distance without pain, is able to stand only five minutes at a time, and frequently lift less than ten pounds (Tr. 278-280). The ALJ declined to accept the disabling findings of Dr. Lagunzad, noting that they are exaggerated. He also indicated that, if accurate, the limitations would preclude the claimant from performing even minimal daily activities, and there is no evidence that the claimant is so limited (Tr. 33). The Court also notes that Dr. Lagunzad had last seen the claimant on April 4, 2001, some two years prior to Dr. Lagunzad's completion of the assessment form. The timing of Dr. Lagunzad's opinions coincides with a time period when, by claimant's own report, he was working laying brick and concrete and lifting 20 to 100 pounds (Tr. 108). The limitations expressed by Dr. Lagunzad are not supported by the medical evidence of record, nor are they consistent with the claimant's admitted activities. The Court finds that the ALJ's rejection of

3

Dr. Lagunzad's disabling opinions and reliance upon the state agency assessments are proper, and not an abuse of his role or "playing doctor" as plaintiff argues in his Fact and Law Summary.

Dr. Robert Shriro is a psychiatrist at River Valley Behavioral Health who prescribed medications to claimant for treatment of depression, ADHD, and panic disorders (Tr. 465). On October 21, 2004, Dr. Shriro noted that the claimant's condition "probably has gotten somewhat better" and that his "sleep is improved and he is feeling better." (Tr. 479) About one month later, Dr. Shriro/Jim Evans completed a mental assessment form indicating the claimant had poor (no useful ability to function) in two areas – ability to maintain attention and concentration for extended periods, and ability to work with or near others without being distracted by them (Tr. 477).

Plaintiff urges that Dr. Shriro's assessment should have been given controlling weight under the treating physician rule. As noted above, a treating physician's opinion is entitled to controlling weight only when it is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2). Dr. Shriro's assessment did not contain any rationale for the limitations assigned. The form contains three separate sections which ask for supporting evidence of the limitations imposed, but each was left blank. He did not refer to any supporting psychological testing or findings that supported the limitations he assigned. This Court's review of the treatment notes reveals no supporting evidence. Furthermore, neither Dr. Shriro's records nor his assessment delineate which of plaintiff's limitations are caused by his substance abuse and which are unrelated to substance abuse. 42 U.S.C. §423 prohibits a finding of disability if substance abuse is a contributing factor material to the determination of disability. The claimant has not shown that he would still be disabled, absent the use of drugs and alcohol.

The ALJ did not err in refusing to give controlling weight to Dr. Shriro's disabling findings, as they are inconsistent with other evidence contained in the record. Contrary to plaintiff's assertion that the ALJ engaged in "picking and chosing" among the medical evidence, the ALJ stated sufficient reasons for rejecting Dr. Shriro's most limiting findings and properly applied the treating physician rule. Despite the rejection of Dr. Shriro's opinions, the ALJ nonetheless extended to plaintiff the benefit of the doubt in determining that he should be limited to simple tasks in light of his mental impairments, including his drug and alcohol use (Tr. 34). The ALJ instead chose to rely upon the state agency physicians and assigned greater limitations than even they recommended. This is not a case of the ALJ substituting his own judgment for uncontroverted medical opinions as argued by plaintiff. Nor is this a situation where the ALJ was required to enlist the opinions of a medical advisor; the ALJ properly weighed and rejected Dr. Shriro's opinions.

Plaintiff next argues that the controlling vocational hypothetical was flawed for not including the mental limitations assigned by Dr. Shriro. As noted above, Dr. Shriro's disabling mental limitations were neither well-supported, nor consistent with other evidence of record. As it was not error for the ALJ to reject those limitations, it was not error for him to decline to pose them to the vocational expert in the controlling hypothetical question. In addition, the plaintiff urges that the vocational testimony was not specific enough, as the vocational expert identified only categories of jobs and not specific jobs. The Court has reviewed the hearing testimony of the vocational expert and finds that the identification of sedentary jobs in packaging, inspector positions, assemblers, cashiers, clerical positions/receptionists, information clerks, and order clerks within a 200 mile radius (Tr. 550) is sufficiently specific. Furthermore, counsel did not avail himself of the opportunity to cross-examine the expert on this issue.

Finally, claimant alleges error in the ALJ's credibility analysis. In his Decision, and consistent with both SSR 96-7p and the 20 C.F.R. §404.1529(c) factors, the ALJ determined that the record does not support the claimant's testimony regarding the intensity and persistence of his allegedly disabling pain in the hips, right leg, and right knee (Tr. 33). In the paragraph addressing credibility, the ALJ found that claimant was credible to the extent that he is limited to sedentary work, but the assertion that he is significantly limited in his ability to sit is not supported by objective medical evidence (Tr. 33). The ALJ also found claimant's complaints of limitations due to ADHD, depression, and anxiety to be exaggerated and not consistent with the evidence of record. There were several other general inconsistencies contained within the medical records that cast doubt upon the claimant's general credibility, including his apparent ability to work in roofing, masonry, and tower construction during periods for which he is claiming disability (Tr. 104-111). The Court also notes several inconsistencies in his reports regarding substance abuse.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). Generally, an ALJ's credibility determinations are entitled to great weight and deference, and the Court declines to disturb those findings here. While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons

for his credibility determinations, particularly with regard to the inconsistencies in the evidence. Accordingly, the Court declines to disturb the ALJ's credibility findings.

      The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.